IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Franklin A. Sting, Jr., | Case No. 3:10 CV 2318 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Theresa L. Wilkinson, | |
| Defendant. | |

This cause is before the Court on a sua sponte review of Plaintiff's Complaint (Doc. No. 1). Upon consideration, and for the reasons that follow, this case must be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The father in a child custody dispute petitions this Court to issue an order to sustain the validity of Ohio custody orders over conflicting custody orders in Tennessee (Doc. No. 1). Briefly, Plaintiff Franklin Sting ("Husband") and Defendant Teresa Wilkinson ("Wife") are involved in a custody dispute. On February 24, 2005, Wife filed a Complaint for Divorce in Lawrence County, Tennessee. A mere three hours later on the same date, Husband filed a Complaint for Divorce in Ottawa County, Ohio.

The Chancery Court in and for Lawrence County, Tennessee, issued a final decree declaring that it has exclusive jurisdiction in this matter and that the parties are divorced. The Chancery Court

found that Wife should be the primary residential caregiver for all four children (Doc. No. 1, Ex. B, at 4).

The Ottawa County Court of Common Pleas, however, has adjudged that the Tennessee Chancery Court does not have exclusive jurisdiction and that the Ohio court has jurisdiction over the parties. It ordered the Wife to immediately return the children to Husband; Wife refused to comply with the order (Doc. No. 1, Ex. C, at 5-6).

In light of the conflicting Tennessee and Ohio custody orders, Husband filed a Complaint with this Court under the Parental Kidnaping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, and the U.S. Constitution's "Full Faith and Credit" Clause, seeking a court order to sustain the validity of the Ohio orders over those in Tennessee, and directing Wife to return their children to him (Doc. No. 1).

## DISCUSSION

Husband's primary claim is that Wife violated the PKPA when she took their children back to Tennessee without Husband's knowledge or consent.

Simply put, no provision of Section 1738A can serve as a basis for federal jurisdiction because Section 1738A confers no private cause of action in federal court. In *Thompson v. Thompson*, 484 U.S. 174, 175 (1988), the U.S. Supreme Court confronted the issue of "whether the Parental Kidnaping Prevention Act of 1980 . . . furnishes an implied cause of action in federal court to determine which of two conflicting custody decisions is valid." The Court held that the PKPA does not provide an implied private cause of action in federal court to determine which of two state custody determinations is valid. Rather, the PKPA merely furnishes a rule of decision for state courts to use in adjudicating custody disputes, and does not create a private cause of action. 484 U.S. at 183. Husband cites *McDougald v. Jenson*, 786 F.2d 1465, 1475 (11th Cir.1986), in support of this Court's

2

jurisdiction. However, *Thompson* implicitly overruled the earlier Eleventh Circuit case of *McDougald*. *See Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1329 (S.D. Ala. 2002).

Likewise, the Full Faith and Credit Clause of the U.S. Constitution does not give rise to implied federal causes of action. *Minnesota v. Northern Securities Co.,* 194 U.S. 48, 72 (1904); *Thompson,* 484 U.S. at 182. If after exhausting all state court remedies there exists a truly intractable jurisdictional deadlock, a party may receive an ultimate review of the issue in the United States Supreme Court through a writ of certiorari. *Thompson,* 484 U.S. at 187. Otherwise, federal courts do not have the necessary jurisdiction to hear such cases. *Id.*

### CONCLUSION

For the foregoing reasons, and pursuant to Federal Civil Rule 12(b)(1) and (6), this case is dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 26, 2010